

U.S. Department of Justice

United States Attorney
Eastern District of New York

RTP:NR/RCH
F#: 2015R01327

271 Cadman Plaza East
Brooklyn, New York 11201

September 6, 2019

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Devone Jefferys
     Docket No. 18-CR-359 (KAM)

Dear Judge Matsumoto:

  The government respectfully submits this letter in opposition to the defendant's pretrial motions, dated August 27, 2019 ("Def. Motion") seeking (1) to strike Count Three of the indictment in the above-captioned case (the "Indictment") and (2) to strike the alias "Moneybags" from the face of the Indictment.  For the reasons set forth herein, the government respectfully submits that each of the defendant's motions should be denied in its entirety.

 I. There Is No Basis to Strike Count Three of the Indictment

  A. Background

  Count Three of the Indictment charges that the defendant possessed and used a firearm in connection with the "crime of violence" charged in Count Two of the Indictment and that this conduct constituted a violation of 18 U.S.C. § 924(c).  The defendant moves to dismiss Count Three on the grounds that the attempted robbery of heroin and narcotics proceeds, in violation of 18 U.S.C. §§ 1951(a) and 2, with which the defendant is charged in Count Two, does not constitute a "crime of violence" as that phrase is defined in 18 U.S.C. § 924(c).  Based on this purported legal infirmity, the defendant argues that Count Three should be dismissed.  (Def. Mot. at 2).  For the reasons set forth below, the defendant's argument is erroneous and his motion to dismiss Count Three should be denied.

B. Relevant Law

Section 924(c)(1)(A) of Title 18 provides in pertinent part that: "[A]ny person who, during and in relation to any crime of violence […] for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence […]" be punished. 18 U.S.C. § 924(c)(1). The term "crime of violence" is defined in the statute, in relevant part, as "an offense that is a felony and -- (A) has as an element the use, *attempted use*, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3) (emphasis supplied). The subsection set forth in § 924(c)(3)(A) is commonly known as the "force" or "elements" clause.

In United States v. Hill, 890 F.3d 51 (2d Cir. 2018), the Second Circuit determined that substantive Hobbs Act robbery does constitute such a "crime of violence" within the meaning of the force clause.[1] While acknowledging that the Court of Appeals has not yet addressed this issue, the defendant, citing United States v. Davis, 139 S.Ct. 2319 (2019) and its progeny, argues that an attempted Hobbs Act robbery could be committed without the use, threatened use or attempted use of force or violence (Def. Mot. at 6), and, as a result, such a crime is not a "crime of violence" within the meaning of Section 924(c).

Although the Second Circuit has not definitively addressed the issue, other courts of appeals have held that such an attempt, which requires the use, attempted use, or threatened use of physical force, is a "crime of violence" under Section 924(c)(3)(A) and similarly worded provisions. See, e.g., United States v. St. Hubert, 909 F.3d 335, 351-353 (11th Cir. 2018) (holding that attempted Hobbs Act robbery qualifies as a crime of violence under Section 924(c)(3)(A)); Arellano Hernandez v. Lynch, 831 F.3d 1127, 1132 (9th Cir. 2016) ("The 'attempt' portion of Arellano Hernandez's conviction does not alter our determination that the conviction is a crime of violence. We have 'generally found attempts to commit crimes of violence, enumerated or not, to be themselves crimes of violence.'") (citation omitted); accord, United States v. Romero-Lobato, No. 18 CR 49, 2019 WL 2179633 (D. Nev. May 17, 2019) (holding that attempted Hobbs Act robbery qualifies as a crime of violence under Section 924(c)(3)(A)); United States v. Brown, No. 11 CR 63, 2019 WL 3451306 (E.D. Va. July 30, 2019) (holding that attempted Hobbs Act robbery constituted a "crime of violence" under the "force clause"); United States v. Chann, No. 99 CR 433, 2019 WL 3767649 (E.D. Cal. Aug. 9, 2019) (noting that "[a]ttempted Hobbs Act robbery is also widely recognized as a crime of violence under the force clause").

Additionally, the Second Circuit (and district courts within the circuit) have also determined that an attempt to commit a "crime of violence" constitutes a "crime of violence" for the purposes of interpreting Section 924(c). See, e.g., United States v. Scott, 681 F. App'x 89, 95 (2d Cir. 2017) (stating "[a]ttempted murder in the second degree is a crime unmistakably involving 'an attempted use ... of physical force' within

---

[1] Notably, the defendant does not dispute that Hill remains binding Second Circuit precedent and has not been abrogated in relevant part by Davis.

§ 924(c)(3)(A)"); Leyones v. United States, No. 10-CR-743 (ARR), 2018 WL 1033245 (Feb. 22, 2018) (holding that attempted bank robbery constitutes a "crime of violence" under Section 924(c)'s force clause).  This analysis has been echoed by the Seventh and the Eleventh Circuits.  See United States v. Armour, 840 F.3d 904, 907-909 (7th Cir. 2016) (holding that attempted federal bank robbery is a "crime of violence" under Section 924(c)(3)(A)); United States v. McGuire, 706 F.3d 1333, 1337 (11th Cir. 2013) (O'Connor, Ret. J.) (same for offense of attempting to "set[] fire to, damage[], destroy[] . . . or wreck[]" an aircraft with people on board) (brackets in original).  As the Seventh Circuit has explained, "[a]n attempt conviction requires proof of intent to carry out all elements of the crime, including, for violent offenses, threats or use of violence," as well as a "substantial step toward completion of the crime."  Armour, 840 F.3d at 909 n.3; cf. United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) ("[T]he mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct" directed at accomplishing the intended crime).

    C. Application

As noted above, federal courts throughout the country that have addressed the question of whether attempted Hobbs Act robbery constitutes a "crime of violence" under Section 924(c)(3)(A)'s "force" clause have repeatedly answered the question affirmatively.  Further, the Second Circuit has found that attempts to commit other violent crimes constitute "crimes of violence" for the purpose of Section 924(c).  Tellingly, the defendant has not identified a single case that supports his position to the contrary, nor has the government identified any such case.

While not every act constituting an attempt to commit a crime of violence must itself be violent, a person who takes a substantial step toward committing such an inherently violent offense is properly understood to have at least *attempted* or threatened the use of violent force within the meaning of Section 924(c)(3)(A).  As Judge Livingston noted in Hill, the Supreme Court has made clear that determining whether a charged crime constitutes a crime of violence "'requires more than the application of legal imagination to [the] ... statute's language.'" 8904 F.3d at 56 (citing Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007)).  The Hill court further noted that "there must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence."  Hill, 890 F.3d at 56.

The defendant's argument amounts to little more than the creative "legal imagination" that Judge Livingston cautioned was insufficient as a basis to dismiss Count Three of the Indictment.  Accordingly, consistent with the findings of courts that have repeatedly found attempts to commit violent crimes to constitute "crimes of violence" under Section 924(c), the Court should find that the attempted Hobbs Act robbery charged in Count Two is a "crime of violence" and deny the defendant's motion to dismiss Count Three.

3

II.     The Defendant's Alias Should Not Be Stricken from the Indictment

   A. Background

       The defendant also moves the Court to strike the alias "Moneybags" from the face of the Indictment. Although the defendant does not cite any supporting law for his request, he contends that were the alias to remain on the face of the Indictment and the Indictment to be presented to the jury, the defendant would be "irreparably harmed by the jury being shown an alias which may be or may not be correct or [a] similar alias of this defendant and which may or may not correspond to the evidence ultimately introduced." (Def. Mot. at 3, paragraph 6).

       At trial, the government expects that at least one witness will testify that the witness knew the defendant by the nickname "Moneybags." The government further expects to introduce an image from the defendant's social media accounts, which reflects a tattoo on the defendant's hand that depicts a bag with "$" on it. Further, the government expects to introduce evidence related to Instagram and Facebook accounts associated with the defendant that contain multiple photographs of the defendant and which use variations of "Moneybags" or "Munny Talking Bags" as screen names and/or account names.

   B. Applicable Law

       Under Federal Rule of Criminal Procedure 7(d), the Court may strike "surplusage" from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). The Second Circuit has held, however, that district courts should not grant motions to strike surplusage unless "the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Mulder, 273 F.3d 91, 99 (2d Cir. 2001) (quoting United States v. Scarpa, 913 F.2d 933, 1013 (2d Cir. 1990)) (emphasis added). "Given this exacting standard, such motions [to strike] are rarely granted." United States v. Rivera, No. 09 CR 619 (SJF), 2010 WL 1438787, at *5 (E.D.N.Y. Apr. 7, 2010) (quoting United States v. Coffey, 361 F. Supp. 2d 102, 123 (E.D.N.Y. 2005).

       In United States v. Peterson, 168 F. Supp. 2d 51 (E.D.N.Y. 2001), the court denied a defendant's motion to strike his alias from the indictment because the alias was relevant in light of the government's representation that the alias would comprise part of its proof at trial. Id. at 56. Similarly, in United States v. Rucker, 32 F. Supp. 2d 545 (E.D.N.Y. 1999), the court held that "[r]eference to a defendant by his name and alias is permissible if the government intends to offer evidence of that alias as being necessary to identify the defendant in connection with the crimes charged." Id. at 560. See also United States v. Burton, 525 F.2d 17, 19 (2d Cir. 1975) (affirming use of the defendant's nickname, which was heard on recorded telephone conversations, "[i]n view of the fact that testimony as to the defendant's nickname was relevant to the government's case and therefore properly before the jury" [missing quotation mark]); United States v. Hattaway, 740 F.2d 1419, 1425 (7th Cir. 1984) (holding that witness's use of gang nicknames was permissible, where gang members used nicknames in witness's presence and "forbidding [the witness] from using

4

the[ ] names would have placed an undue burden on her testimony"); United States v. Clark, 541 F.2d 1016, 1018 (4th Cir. 1976) ("If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias is both relevant and permissible, and a pretrial motion to strike should not be granted."); United States v. Barret, 824 F. Supp. 2d 419 (E.D.N.Y. 2011) (denying defendant's motion to strike aliases without prejudice, with right to renew at the close of the government's case, in light of the government's representation that the defendant's aliases were necessary to identify the defendant).

Where a defendant's alias is relevant to the charged crimes, its inclusion in an indictment and its use at trial are proper even if the aliases are inflammatory or prejudicial. See Rucker, 32 F. Supp. 2d at 560 (noting that the prejudicial nature of an alias is "not fatal if [the alias] will be admissible as part of the government's proof at trial"); United States v. Payden, 613 F. Supp. 800, 823 (S.D.N.Y. 1985) (mere fact "that the inclusion of the aliases may be prejudicial is not sufficient to strike them from the indictment"); United States v. Persico, 621 F. Supp. 842, 861 (S.D.N.Y. 1985) ("Even if prejudicial, however, aliases and nicknames are proper in an indictment where they will be part of the government's proof at trial.").

C. Application

Because the defendant's use of the "Moneybags" alias will be part of the government's proof at trial, including the means by which at least one witness identifies the defendant, its inclusion in the Indictment and its use at trial are proper. Specifically, the inclusion of the alias in the Indictment and its use at trial will help to identify the defendant and, in so doing, connect him to the crimes charged. See United States v. Farmer, 583 F.3d 131, 144 (2d Cir. 2009) (observing that inclusion of an alias has been deemed proper "where the suggestiveness of the nickname has not required exclusion, especially when it helped to identify the defendant, connect him to the crime, or prove other relevant matter, or when coherent presentation of the evidence entailed passing reference to it."). Here, the government anticipates that testimony at trial from one witness will reflect that "Moneybags" was the name by which that witness knew the defendant.[2] The government also intends to introduce evidence tying the witness to the defendant via the defendant's social media account in which he identifies himself as "Munny Talkin Bags." As such, requiring the witness to refer to the defendant in a different manner would deprive the jury of valuable corroborative evidence of the witness's relationship with the defendant. Similarly, introducing relevant social media materials that redacted the reference to "Moneybags" would result in the jury being presented with a less than complete picture and would likely lead the jury to be confused regarding the nature of the potential redactions.

Here, the probative value of the defendant's alias is not substantially outweighed by the risk of prejudice such that the references should be excluded under

---

[2] The government anticipates that a second witness may also testify that the witness knew the defendant to use the nickname "Moneybags."

5

Federal Rule of Evidence 403.  The government will limit its references to "Moneybags" to those necessary to explain to the jury the relevance of the anticipated testimony and evidence described above.  Further, the name "Moneybags," in and of itself, is not prejudicial.  It does not, for instance, reference or suggest violent conduct or some other uncharged crime that would unfairly prejudice the defendant.  Accordingly, the defendant's motion to strike the reference to the "Moneybags" alias should be denied.[3]

## III.     Conclusion

For the foregoing reasons, the defendant's motions in limine, should be denied in their entirety.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/ Nathan Reilly
Nathan Reilly
Assistant U.S. Attorney
(718) 254-6196


Cc:   Marion Seltzer, Esq. (counsel for the defendant)

---

[3] To the extent the defendant's motion simply pertains to the appearance of the alias in the Indictment (and not to evidence to be adduced at trial), the government believes that the Court's standard jury instructions, typically given both before and after the presentation of evidence, that the Indictment does not itself constitute evidence and simply exists to describe the charges that the defendant faces, would be sufficient to ameliorate any of the concerns identified by the defendant.